# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                          **Criminal Action No. 3:07-CR-89-01
(BAILEY)**

**TERRELL DESHAWN GATLING**,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR
## REDUCED SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)

Pending before this Court is defendant's *pro se* Motion for Modification of Sentence (Doc. 151). In his motion, the defendant seeks the benefit of the guideline reduction provided by the amendments to the Sentencing Guidelines. Finding the defendant not entitled to any relief under the amendments to the Sentencing Guidelines, this Court will deny a reduction in sentence.

This is a motion for a reduction in term of imprisonment under 18 U.S.C. § 3582(c)(2), which provides that a "court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements

1

issued by the Sentencing Commission."

In considering reductions under § 3582(c)(2), neither the appointment of counsel nor a hearing is required. **United States v. Legree**, 205 F.3d 724 (4th Cir. 2000). As noted by the Fourth Circuit in **Legree**, "[a] motion pursuant to § 3582(c) 'is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution.'" 205 F.3d at 730, quoting **United States v. Tidwell**, 178 F.3d 946, 949 (7th Cir.), *cert. denied*, 528 U.S. 1023 (1999). In accord is **United States v. Dunphy**, 551 F.3d 247 (4th Cir.), *cert. denied,* 129 S.Ct. 2401 (2009). *See* **Dillon v. United States**,130 S.Ct. 2683 (2010).

"In determining the amended guideline range, this court will only make changes to the corresponding guideline provision, which is affected by Amendment [706], and all other guideline decisions will remain unaffected." **United States v. Gilliam**, 513 F.Supp.2d 594, 597 (W.D. Va. 2007), citing U.S.S.G. § 1B1.10.

In this case, the sentencing judge found a base offense level of 28, less three levels for acceptance of responsibility, for a total offense level of 25. With a criminal history category of III, the guidelines provided a sentencing range of 70-87 months. The Judge sentenced the defendant to the mandatory minimum sentence of 60 months.

While the 2011 Guidelines are retroactive, where the offense date is prior to the effective date of the Fair Sentencing Act, the mandatory minimum sentence still applies. Accordingly, this Court will not reduce the defendant's sentence.

In reaching its conclusion, this Court must be guided by the opinions of the United States Court of Appeal for the Fourth Circuit.

In ***United States v. Bullard***, 645 F.3d 237 (4th Cir. 2011), the Fourth Circuit held:

We agree and join all of our sister circuits to have addressed the issue in holding that the Savings Statute does indeed preclude retroactive application of the FSA.

The Savings Statute provides:

> The repeal of any statute shall not have the effect to release or extinguish any penalty ... incurred under such statute, unless the repealing Act shall so *expressly provide,* and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty....

1 U.S.C. § 109 (emphasis added). This rule fully applies in the sentencing context and bars "application of ameliorative criminal sentencing laws repealing harsher ones in force at the time of the commission of an offense," absent an express statement that the law is intended to be applied retroactively. ***Warden, Lewisburg Penitentiary v. Marrero****,* 417 U.S. 653, 661 (1974). We agree with all eight circuits that have ruled on the issue that the FSA contains no express statement of retroactivity, nor can any such intent be inferred from its language. *See* ***United States v. Doggins****,* 633 F.3d 379, 384 (5th Cir. 2011); ***United States v. Reevey****,* 631 F.3d 110, 114–15 (3d Cir. 2010); ***United States v. Diaz****,* 627 F.3d 930, 931 (2d Cir. 2010) (*per curiam*); ***United States v. Gomes****,* 621 F.3d 1343, 1346 (11th Cir. 2010); ***United States v. Bell****,* 624 F.3d 803, 814–15 (7th Cir. 2010); ***United***

> *States v. Carradine,* 621 F.3d 575, 580 (6th Cir. 2010); *United States v.*
> *Lewis,* 625 F.3d 1224, 1228 (10th Cir. 2010); *United States v. Brewer,* 624
> F.3d 900, 909 n. 7 (8th Cir. 2010).

645 F.3d at 248.

While the Fourth Circuit expressly reserved the issue of whether the FSA could be found to apply to defendants whose offenses were committed before August 3, 2010, but who were sentenced or are to be sentenced after that date, this Court believes that the Fourth Circuit's statutory construction and rationale as expressed in *Bullard* would apply equally to persons whose sentencings were or are after August 3, 2010.

This Court also takes limited guidance from *United States v. McDougald*, 420 Fed.Appx. 238 (4th Cir. April 1, 2011) (*per curiam*) ("the Fair Sentencing Act, which reduces the cocaine/cocaine base disparity by amending the drug quantities triggering the statutory penalties, is not retroactive and is only applicable to defendants who commit their offenses after its effective date") and *United States v. Thompson*, 426 Fed.Appx. 148, 150 (4th Cir. April 29, 2011) (*per curiam*) (same).

In *United States v. Brewer*, 2011 WL 2132971 (N.D. W.Va. May 24, 2011), Judge Keeley, in finding the defendant subject to the mandatory minimum at a sentencing held May 18, 2011, well after August 3, 2010, stated:

> At sentencing, Brewer argued that *Bullard's* reservation of the question in
> footnote 5 regarding defendants sentenced after August 3, 2010, evinced a
> distinction between prospective and retroactive application of the FSA. That
> argument is unavailing, however, for it misses the critical point of *Bullard,*

4

which focused not on the date of sentencing or conviction, but rather on when the defendant committed the offense. Thus, unless Congress acts to explicitly grant relief to persons in Brewer's situation, as it did in 1974 with regard to parole eligibility, this Court is without authority to impose a sentence below that mandated by the now-discarded version of § 841.

2011 WL 2132971 at *4 (footnote omitted).

The other circuit courts that have addressed the issue of post August 3, 2010, sentencings are split. The First and Third Circuits find the Fair Sentencing Act to apply to sentencings conducted after August 3, 2010. **United States v. Douglas**, 644 F.3d 39 (1st Cir. 2011); **United States v. Dixon**, 648 F.3d 195 (3rd Cir. 2011).[1] On the other hand, the Second, Fifth, Seventh, and Eighth Circuits have held that the Fair Sentencing Act is not retroactive, even for sentencings after August 3, 2010. **United States v. Acoff**, 634 F.3d 200 (2d Cir. 2011); **United States v. Tickles**, ___ F.3d ___, 2011 WL 4953988 (5th Cir. October 19, 2011); **United States v. Holcomb**, ___ F.3d ___, 2011 WL 3795170 (7th Cir. August 24, 2011) (denying rehearing *en banc*); **United States v. Sidney**, 648 F.3d 904 (8th Cir. 2011).

In light of the above authority, this Court holds that the Fair Sentencing Act of 2010 does not vitiate the statutory mandatory minimum sentences for conduct which took place prior to August 3, 2010, without respect to when the sentencing takes place.

---

[1] In **United States v. Rojas**, 645 F.3d 1234 (11th Cir. 2011), a panel of the Eleventh Circuit also held that the FSA applied to sentencings after August 3, 2010. However, this decision was vacated and rehearing *en banc* granted. **United States v. Rojas**, 2011 WL 4552364 (11th Cir. October 4, 2011).

For the reasons stated above, the defendant's *pro se* Motion for Modification of Sentence (Doc. 151) is **DENIED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to the defendant and to all counsel of record herein.

**DATED:** November 22, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE